CECELIA HUNT, Respondent, v. ERNEST ZIMET and Another, Appellants. GEORGE HUNT, Respondent, v. ERNEST ZIMET and Another, Appellants.— The decision of this court handed down on December 31, 1934 [*ante*, p. 572], is hereby amended to read as follows: Action to recover damages for personal injuries sustained by plaintiff Cecelia Hunt as the result of a collision between the motor car in which she was riding, operated by defendant Tolano, and the car owned and operated by defendant Zimet; and action by George Hunt, her husband, to recover for loss of services. Order setting aside a verdict in favor of the plaintiff wife, Cecilia Hunt, in the sum of $1,250, and in favor of the plaintiff husband, George Hunt, in the sum of $250, on the ground of inadequacy reversed on the law and the facts, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon. The question here is one of proper assessment of damages with liability conceded, and on that phase of the case the jury had presented to it a clear question of fact the determination of which, in our opinion, should not be disturbed. Assuming that the condition of the eye of plaintiff Cecelia Hunt was as testified to by her and her witnesses, there is a substantial basis for the conclusion that it was due to the general processes of infection, entirely dissociated from the accident. The question here presented does not involve the rule that this court hesitates to interfere with the discretion of the trial court in setting aside a verdict for the plaintiff involving the credibility of witnesses. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OLIVER BRYANT, Appellant.— Appeal dismissed on call of calendar, no record or brief having been filed and there being no appearance on behalf of appellant. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

S. G. TILDEN, INC., Appellant, v. JAMAICA TRUCK TIRE SERVICE, INC., and Another, Respondents.— Judgment dismissing the amended complaint on the merits in an action for a declaratory judgment holding a lease to be illegal and invalid and " that the premises may not be used for the purposes leased." and for damages, unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.