ERNA SCHROEDER, an Infant, by CARL SCHROEDER, Her Guardian ad Litem, and CARL SCHROEDER, Appellants, v. RAY KROHNBERG, Respondent, and Another, defendant.— Action by the infant plaintiff to recover damages for personal injuries sustained when struck at a street crossing by an automobile owned by defendant, respondent, and operated by defendant Redmon, and by the infant's father to recover for expenses and loss of services. Order, in so far as it sets aside the verdict in favor of the infant plaintiff and grants a new trial, unanimously affirmed, with costs, unless within ten days from the entry of the order herein the infant plaintiff stipulate to reduce the amount thereof to $20,000, being the amount demanded in the complaint; in which event the order is reversed on the facts, with costs, the verdict as so reduced reinstated, and judgment directed to be entered thereon, with costs. In the event that such stipulation be filed, the order in so far as it sets aside the verdict in favor of the father is reversed on the facts, the verdict reinstated, and judgment directed to be entered thereon; otherwise, the order is unanimously affirmed. In our opinion, there is ample evidence that the condition of the infant plaintiff's jaw and teeth was caused by injuries sustained in the accident and that the consequences thereof are permanent. (*Hunt* v. *Zimet*, 243 App. Div. 606.) Lazansky, P. J., Hagarty, Tompkins and Johnston, JJ., concur; Davis, J., not voting.

ESTHER SIMON, Respondent, v. THE CITY OF NEW YORK and Others, Appellants. —Action to recover for damage to plaintiff's property by reason of the filling in and grading of the public beach at Canarsie as part of a dredging operation in Jamaica bay. The work was done by one Perry, defendant Stewart's testator, and by defendant Standard Dredging Company. Judgment was rendered in favor of plaintiff and against defendants. Defendant The City of New York appeals from the entire judgment. The other defendants appeal from so much of the judgment as affects them. The proof warranted a finding that the contractor, in making improvements under contract with the defendant City of New York, caused water to be cast upon plaintiff's land. For this, defendant contractor is liable; the city is not. The proof is clear that the water so cast was pumped or otherwise removed after a short time. For this, plaintiff is entitled to nominal damages, which are fixed at $100. Plaintiff's notice of claim against the city was limited to such situation. There was no claim against the city for interference with natural drainage. The proof fails to show that the creation of the improvement prevented drainage of surface waters to a natural watercourse. (*Barkley* v. *Wilcox*, 86 N. Y. 140.) Judgment as against all defendants reversed on the law and the facts and a new trial granted, costs to appellants to abide the event, unless within ten days from the entry of the order herein the plaintiff stipulate to reduce the judgment to the sum of $100 as against defendants Stewart, as executor, and Standard Dredging Company and to a dismissal of the complaint as against defendant The City of New York. In the event that the plaintiff shall so stipulate the judgment as so modified is unanimously affirmed, without costs, and that part of the judgment which directs that defendants Stewart, as executor, and Standard Dredging Company recover from defendant The City of New York any sums paid by them to plaintiff is reversed on the law and the claim dismissed, without costs. Lazansky, P. J., Young, Carswell, Scudder and Johnston, JJ., concur.